# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCOTT FIELDS | § |
| | § Civil Action No. 4:16-CV-607 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| DAVID LACKEY, JOHN DOE (OFFICER COLBERT) | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 19, 2018, the report of the Magistrate Judge (Dkt. #140) was entered containing proposed findings of fact and recommendations that Defendant Dr. David Lackey and Respondent Office of the Attorney General for the State of Texas's Motion to Dismiss[1] (Dkt. #63) be granted and that Plaintiff Scott Fields's § 1983 malicious prosecution, conspiracy, false arrest, and false imprisonment claims against Dr. Lackey and Officer Colbert in their individual capacities be dismissed. Having received the report of the Magistrate Judge (Dkt. #140), having considered Plaintiff Scott Fields's objections (Dkts. #144, #146), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #140) should be adopted as set forth below.

### RELEVANT BACKGROUND

*General Background*

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Fields's objections. On August 12, 2014, Defendant Dr. David

---

[1] Plaintiff's claims against Defendants Lackey and Colbert in their individual capacities are the only remaining claims in this action (Dkts. 93, 94, 100, 101, 102, 103, 117, 124).

Lackey, the then-commissioner for the Texas Department of State Health Services ("DSHS"), and Defendant FNU Colbert, a DSHS officer, reported to the Sherman, Texas Police Department that Plaintiff Scott Fields left a phone message for Dr. Lackey, wherein Fields allegedly threatened to physically assault or murder Dr. Lackey. Fields claims the accusations made by Dr. Lackey and Officer Colbert were false because the phone message itself did not contain any statements that could be construed as threats of violence, physical assault or murder (Dkt. #14 at p. 3). After being detained for 215 days, the charges against Fields were dismissed (Dkt. #14 at pp. 4, 33).

Fields filed this civil rights action on August 12, 2016 (Dkt. #1). At present, only Fields's claims against Defendants Dr. Lackey and Officer Colbert in their individual capacities remain in this case. On December 7, 2017, the undersigned ordered Fields to file a Rule 7(a) reply addressing such claims and Dr. Lackey and Officer Colbert's qualified immunity defenses to Fields's claims. On January 8, 2018, Fields filed a Notice of Interlocutory Appeal and a Motion to Proceed *In Forma Pauperis* on Appeal (Dkts. #128, #130). On February 1, 2018, the Court denied Fields's Motion to Proceed *In Forma Pauperis* on Appeal, and again ordered Fields to file a Rule 7(a) reply (Dkt. #131). On March 8, 2018, Fields filed "Plaintiff's Rule 15 Amended Response to District Judge's February 1, 2018 Orders," which the Magistrate Judge construed as a Rule 7(a) reply (Dkt. #137). On March 19, 2018, the Magistrate Judge entered a Report and Recommendation, recommending that the Court grant Defendant Lackey's Motion to Dismiss and dismiss the entirety of Fields's claims against both Dr. Lackey and Officer Colbert in their individual capacities (Dkt. #140). On April 9, 2018, Fields filed his fifth Motion to Proceed *In Forma Pauperis* on Appeal (Dkt. #143), which the Court addresses herein. Fields also filed objection to the Magistrate Judge's Report and Recommendation; on April 18, 2018, Fields filed "Plaintiff's Written Objections to March 19, 2018 Report and Recommendation by Magistrate Judge" (Dkt. #144).

Then, on May 9, 2018, Fields filed "Plaintiff's Rule 15 Amended Objections to March 19, 2018 Report and Recommendation by Magistrate Judge" (Dkt. #146).[2, 3]

## OBJECTIONS TO REPORT AND RECOMMENDATION

Fields has filed two sets of objections to the Magistrate Judge's report (Dkts. #144, #146). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Fields has generally objected to the Magistrate Judge's recommendation that the Court dismiss his claims against Dr. Lackey and Officer Colbert in their individual capacities. Specifically, the Court discerns Fields objects that: (1) the undersigned and the Magistrate Judge have each been disqualified from presiding over this matter; (2) the Magistrate Judge failed to broadly construe Fields's *pro se* pleadings; (3) the Magistrate Judge failed to adequately address Fields's conspiracy claims; (4) the Magistrate Judge failed to adequately address his malicious prosecution claims; (5) Fields has overcome Dr. Lackey and Officer Colbert's assertion of qualified immunity because their accusations were entirely "bogus"; and (6) any action by the Court is impermissible because there is a stay pending appeal currently in place.

Notably, some of Fields's objections to the instant Report and Recommendation are identical to and/or substantially similar to objections Fields previously raised and which have been disposed of by this Court in connection with earlier reports, i.e., disqualification of the undersigned, liberal construction of Fields's *pro se* pleadings (*see* Dkts. #97, #98, #109, #111,

---

[2] Notwithstanding that Fields titled this filing as his "amended" objections, the Court has considered both sets of objections in its consideration of the Magistrate Judge's Report and Recommendation.
[3] On May 14, 2018, Fields filed "Plaintiff's Rule 60(a) Motion for Correction of Record," wherein he asks the Court to "deem or construe Paragraphs 11 and 38 to read" as set forth in the Motion for Correction (Dkt. #149 at p. 3). On June 5, 201, Fields filed a second "Motion for Correction" (Dkt. #152). Insofar as these Motions apply to the pleadings referenced herein, the Court grants Fields's Motions for Correction.

#112, #113). The Court has already substantively considered and found such objections without merit (Dkts. #117, #124). Notwithstanding, the Court herein again sets forth or otherwise incorporates its analysis of each of Fields's stated objections.

*Disqualification*

Fields argues that "at all times relevant through course of [this case], Judge Mazzant and Judge Nowak alike are and have been inherently disqualified from presid[ing] over both causes by terms of 28 U.S.C. [§] 455" (Dkt. #146 at p. 3). As support, Fields avers that both "Judges Mazzant and Nowak are and have been longtime residential and political fixtures amid the Grayson County, Texas and Sherman, Texas landscapes," and "enjoy personal relationships, or histories of personal time or fraternization, with some or most of the defendants who have been dismissed from this lawsuit" (Dkts. #144 at pp. 3–4; #146 at p. 3). The Court has addressed this same spurious allegation on no less than six occasions.

Fields again fails to identify any legal authority or factual support for his proposition that the undersigned or the Magistrate Judge should be disqualified from presiding over this case. Fields's unfounded allegations, that both "Judges Mazzant and Nowak are and have been longtime residential and political fixtures" in Grayson County, Texas, and "enjoy personal relationships. . . with some or most of the defendants who have been dismissed from this lawsuit," even if true, without more, are insufficient for recusal. *Parrish v. Board of Comm'rs of Ala. State Bar,* 524 F.2d 98 (5th Cir. 1975) (en banc) (fact that judge had acquaintanceship or friendship with some defendants, witnesses, and defense counsel did not require recusal), *cert. denied,* 425 U.S. 944 (1976). Accordingly, this objection is once more overruled.

*Fields's* **Pro Se** *Status*

Fields also again asserts that "this district court is or has been inherently mandated to review all of Plaintiff's pleadings with a liberal construction; with a special solitude; and in a

manner that construes and recognizes any and all alleged facts that can be inferred from his pleadings" (Dkts. #144 at p. 5; #146 at p. 5) (internal citations omitted). As examples of the Court's alleged failure to accommodate Fields's status as a *pro se* litigant, he alleges that "terms of this cause have transpired to be bulky. . . and expressly motions, that this document should not be subject to any perceived page limitations," and "Plaintiff alleges that this district court's demand for or construe of 'specific pleadings' cannot detract from rules of law regarding [*pro se*] litigation" (Dkts. #144 at p. 5, #146 at p. 5). Fields also specifically argues that the Court's direction, in ordering a Rule 7(a) reply, to address Dr. Lackey and Officer Colbert's assertions of qualified immunity with specific, concrete facts violates the Court's responsibility to liberally construe *pro se* pleadings.[4]

Fields is correct that "parties who proceed *pro se* are often given more leeway than represented parties in correcting errors in pleadings," and that "a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true." *Simmons v. Methodist Hosps. of Dallas*, 106 F. Supp. 3d 799, 803 (N.D. Tex.), *aff'd,* 632 F. App'x 784 (5th Cir. 2015). However, "*pro se* litigants are [still] expected to comply with the rules of pleading." *Id*. (citing *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (per curiam)). And, "a *pro se* plaintiff's complaint 'must set forth facts giving rise to a claim on which relief may be granted.'" *Id.* (quoting *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993) (per curiam)). In the instant case, the Court ordered Fields to file a Rule 7(a) reply. In ordering a Rule 7(a) reply, the Court sought factual information related to Fields's claims against Dr. Lackey and Officer Colbert in their individual capacities. The Court ordered a Rule 7(a) reply because Fields's pleadings contained "only sparse details of claimed wrongdoing by [the instant] officials." *Hatcher v. City of Grand Prairie*, No. 3:14-CV-432-M,

---

[4] Fields also makes multiple blanket objections to the "validity" of the Court's order for a Rule 7(a) reply, but fails to raise any specific argument or authority supporting this contention. This objection is similarly overruled.

2014 WL 3893907, at *8–9 (N.D. Tex. Aug. 6, 2014); *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999) ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses.").

Fields's status as a *pro se* litigant did not excuse him from complying with the Court's order or the pleading requirements imposed on overcoming the assertion of a qualified immunity defense. *See Vafaiyan v. City of Wichita Falls, Tex.*, 398 F. App'x 989, 990 (5th Cir. 2010). Moreover, upon independent review of the record, the Court finds that each of Fields's pleadings were afforded a liberal construction. Accordingly, Fields's objection is overruled.

*Conspiracy Claim*

Fields objects that the Court has failed to consider his conspiracy claim under § 1983 (Dkts. #144 at pp. 11–12; #146 at pp. 13–15). Fields is mistaken. The Magistrate Judge considered Fields's conspiracy claim under § 1983, explaining:

> "Section 1983 does not provide an independent cause of action for conspiracy." *E.G. v. Bond*, No. 1:16-CV-068-C, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017) (citing *Gonzalez v. Harlingen Consol. Indep. Sch. Dist.,* 96 F. Supp. 3d 653, 667 (S.D. Tex. 2015)). "Instead, a § 1983 conspiracy claim serves as the legal mechanism through which to impose liability on each and all of the Defendants without regard to the person doing the particular act." *Id.* (quoting *Hale v. Townley,* 45 F.3d 914, 920 (5th Cir. 1995)) (internal quotations omitted). "To raise a claim for conspiracy under § 1983, Plaintiffs must allege (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Id.* (citing *[Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *overruled on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992)]). "Simply conclusory allegations of conspiracy, without reference to material facts, are insufficient to state a conspiracy claim under § 1983." *Id.* (citing *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986)).
> ***
> Plaintiff provides nothing in his Rule 7(a) Reply to clarify or add to this blanket allegation that Defendants Lackey and Colbert conspired together to raise false accusations against Plaintiff. Thus, the allegations raised in Plaintiff's Rule 7(a) Reply are similarly insufficient to support a conspiracy claim; Plaintiff has wholly

> failed to support his argument that Defendants conspired to lodge false accusations against him.

(Dkt. #140 at pp. 8, 9). The Magistrate Judge clearly considered Fields's conspiracy claim as a claim under § 1983. Moreover, as the Magistrate Judge noted, Fields has failed to raise any factual support or argument demonstrating that his conspiracy claim should not be dismissed. Accordingly, this objection is overruled.

Fields further objects to the recommendation that his conspiracy claim under § 1985 also be denied, and specifically contends that his "obligation to establish that the district court defendants acted and conspired against him with an invidious, class[-]based animus is already expressly or shallowly pled amid his alleged conspiracy objectives" (Dkts. #144 at p. 11; #146 at p. 13). In considering Fields's conspiracy claim under § 1985, the Report and Recommendation stated:

> Plaintiff alleges that Defendants "acted and conspired against [Plaintiff] with an invidious, class based animus is [sic] and remains swamped and fettered amid scene that he is effectively coerced from lodging various pleadings. . . and from presenting various evidence exhibits in the same" [Dkt. 137 at 10]. Plaintiff never defines this class, and therefore his claims under § 1985 fail. *Pruitt v. City of Campbell, Texas*, No. CIV. A. 301-CV-1328-, 2001 WL 1442117, at *3 (N.D. Tex. Nov. 13, 2001) ("This vague, unrecognizable, and borderless class does not satisfy § 1985(3)").

(Dkt. #140 at p. 9). As part of stating a claim under 42 U.S.C. § 1985(3), a "plaintiff must show that the conspiracy was motivated by a class-based animus." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Fields's objections raises nearly identical conclusory assertions as those previously considered and rejected by the Magistrate Judge regarding this requirement under § 1985. As the Magistrate Judge correctly found, Fields's failure to define this class is fatal to his § 1985 conspiracy claim. This objection is overruled.

*Malicious Prosecution Claim*

Fields next objects to the Magistrate Judge's recommendation that his malicious prosecution claim be dismissed. Fields specifically "objects to Judge Nowak's finding that there is no existing federal constitutional right to be free from malicious prosecution," and points to *Albright v. Oliver*, 510 U.S. 266 (1994), as the basis for his malicious prosecution claim. (Dkts. #144 at p. 13; #146 at p. 16).

The Fifth Circuit has expressly "held that a freestanding claim for malicious prosecution is not a violation of the United States Constitution and to proceed under section 1983 a claim must rest on a denial of rights secured under federal not state law." *Pack v. Wood Cty., Texas*, No. CIV.A. 6:08-CV-198, 2009 WL 1922897, at *4 (E.D. Tex. July 1, 2009) (citing *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc)). The Court has already advised Fields of this authority and provided Fields an opportunity to clarify under which constitutional right he brings his malicious prosecution claim. Fields failed to do so, and in his objections again raises nearly identical assertions related to his malicious prosecution claim. Fields avers that his malicious prosecution claims are based upon his federal constitutional right to be free from malicious prosecution and free from government retaliation. Because Fields's allegations do not enumerate a constitutional right, he has failed to plead a sufficient malicious prosecution claim under § 1983.

Moreover, even if the Court broadly construes Fields's reference to *Albright v. Oliver*, 510 U.S. 266 (1994) as a malicious prosecution claim under the Fourth Amendment, Fields's claim still fails. The Fifth Circuit "has held that although there is no 'freestanding constitutional right to be free from malicious prosecution,' '[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment

if the accused is seized and arrested, for example.'" *Winfrey v. Rogers*, 882 F.3d 187, 196 (5th Cir. 2018) (quoting *Castellano*, 352 F.3d at 945, 953). However, here, Fields's conclusory allegations fail to demonstrate that there was no probable cause for his arrest or seizure. Fields asserts that:

> the "alleged phone message contents in controversy" indisputably contain no statements sufficient. . . to arouse any accusation or complaint of crime to police; indisputably contain no statements sufficient to arise probable cause for police to coin any person as a suspect of unlawful threat or speech crime; and indisputably contain no statements sufficient [] to convince any prosecutor that a conviction for speech crime obtainable against any person.

(Dkt. #146 at p. 12). Although Fields vehemently avers that there was no probable cause that Fields's alleged phone message to Dr. Lackey contained any threats of violence, Fields fails to support this beyond this bald statement. Fields does not explain or point to anything that would show Dr. Lackey's report to be demonstrably false or misleading. *See Travis v. City of Grand Prairie, Texas*, 654 F. App'x 161, 165 (5th Cir. 2016) (plaintiff's malicious prosecution claim inadequately pleaded). Fields has failed to establish a claim for malicious prosecution under the Fourth Amendment. This objection is overruled.[5]

*Qualified Immunity*

Fields also argues that the Magistrate Judge improperly found Dr. Lackey and Officer Colbert entitled to qualified immunity as to Fields's remaining claims. At the pleading stage, an individual defendant official is entitled to qualified immunity "unless [the] plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074,

---

[5] Conversely, Fields also alleges that his pleadings are insufficiently supported because Defendants have put him "under duress and coerced [Fields] from lodge [sic] of various pleadings" (Dkt. #146 at p. 6). The Court has already addressed this argument in its October 19 Memorandum (Dkt. #117 at p. 15 (Fields "does not state what these pleadings were or what this evidence consisted of" and "does not detail what actions or omissions were taken by these defendants to prevent him from presenting these pleadings or arguments.")). Again, the Court finds that Fields has not identified the additional pleadings and/or evidence that he has been prevented from presenting to the Court.

2080 (2011). Specifically, Fields argues in his objections that "any crime accusation that a person 'threatened to assault or murder' another person resonates and absolutely screams itself bogus and unenforceable. . . so clearly and loudly that any such lodge or advancement of the same is clearly and egregiously unreasonable, is without authority of law, and inherently defeats any qualified immunity" (Dkts. #144 at pp. 14–15; #146 at p. 16). In the Report and Recommendation, the Magistrate Judge considered identical allegations, and found:

> Plaintiff's Rule 7(a) Reply has failed to establish that either Defendants Lackey or Colbert "violated a statutory or constitutional right." Because Plaintiff has failed to provide the required detail to overcome the qualified immunity defense, Plaintiff's remaining claims should be dismissed. Furthermore, aside from his conclusory assertion that Defendants' interpretation of the phone message was "bogus," Plaintiff has wholly failed to explain why Defendants Lackey and Colbert's actions were objectively unreasonable.
> 
> ***
> 
> Plaintiff has not established that either Defendants Lackey or Colbert violated a statutory or constitutional right. The Court ordered a Rule 7(a) Reply because Plaintiff's pleadings contained "only sparse details of claimed wrongdoing by officials." The conclusory allegations present in Plaintiff's complaint and Rule 7(a) Reply fail to overcome Defendants' assertion of qualified immunity.

(Dkt. #140 at pp. 13–14) (internal citations omitted). The undersigned agrees that Fields's conclusory, unfounded allegations are insufficient to overcome Dr. Lackey and Officer Colbert's assertions of qualified immunity. *See Weathered v. Dallas Cty.*, No. 3:10-CV-0781-B, 2011 WL 1356881, at *5 (N.D. Tex. Apr. 8, 2011) ("If the plaintiff does not provide the required detail to overcome the qualified immunity defense, the court must dismiss the complaint."); *Villanueva v. Texas Tech Univ.*, No. 5:10-CV-186-C, 2010 WL 11465139, at *6 (N.D. Tex. Dec. 17, 2010) (same). Fields has failed to demonstrate what Defendants' conduct in this instance was "bogus," "inconceivable," or "unenforceable." Fields's conclusory allegations are insufficient to overcome a qualified immunity defense. *See Windham v. City of Center, Tex.*, No. 9:11CV152, 2012 WL 2526945, at *5 (E.D. Tex. June 1, 2012), *report and recommendation adopted,* No. 9:11CV152,

2012 WL 2524263 (E.D. Tex. June 29, 2012)("conclusory allegations are insufficient to defeat a motion to dismiss asserting the defense of qualified immunity"). This objection is overruled.

*Stay Pending Appeal*

Fields finally argues that the Court is forbidden from taking any further action in this proceeding because it is currently stayed pending appellate review (Dkts. #144 at p. 4; #146 at p. 4). Fields asserts that "this district court's any further move regarding this cause absent full appellate court dispositions would simply broaden factual and legal quagmires that are already heavily laden through course of this cause and its related appeals" (Dkts. #144 at pp. 4–5; #146 at 4). In the instant case, Fields has filed five notices of interlocutory appeal, seeking to appeal a broad range of issues, including issues related to Fields's recusal requests, the dismissal of the other named defendants (aside from Dr. Lackey and Officer Colbert), and the Court's order to file a Rule 7(a) reply (Dkts. #118, #120, #128, #135, #142). The record does not demonstrate that a stay is currently imposed in this case. This objection is overruled.

## MOTION TO PROCEED IN FORMA PAUPERIS

Fields has also filed a notice of interlocutory appeal from the Court's March 9, 2018 Order denying his previous Motion to Proceed *In Forma Pauperis*, and seeks leave to proceed *in forma pauperis* on such appeal (Dkts. #142, #143). This is at least the fifth time Fields has sought leave to proceed *in forma pauperis* on a purported interlocutory appeal.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). In connection with requests to proceed *in forma pauperis* on appeal, the motion must state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a); *see also* FED. R. APP. P. 24(a)(1) ("The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give

security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."). 28 U.S.C. § 1915(a)(3) further states that the district court may deny leave to proceed *in forma pauperis* if an appeal is not taken in "good faith" (i.e., if the appeal fails to present a non-frivolous issue). *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986).

An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal. *See also Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in "good faith" and the movant's petition to appeal *in forma pauperis* must be denied. *Howard*, 707 F.2d at 220 (citation omitted). The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222–25 (5th Cir. 1993).

Fields has submitted an affidavit in support of his Motion, which indicates that he lacks the financial resources to prosecute an appeal (Dkt. #143-1). The Court finds Fields was indigent both at the outset of this case and now also in considering his Motion for Leave to Proceed *In Forma Pauperis* (Dkts. #4, #143). However, Fields has a further obligation to demonstrate that he is entitled to redress and that his requested appeal raises non-frivolous issues. In his Affidavit, Fields lists six issues he intends to raise on appeal: (1) "Judges Mazzant and Nowak are inherently disqualified from all preside [sic] over this cause by terms of 28 USC [§] 455"; (2) "coercion is at play, which restrains [Fields's] pleadings"; (3) "Judges Mazzant and Nowak have acted without

jurisdiction, without authority, and without evidence regarding this so called Local Rule 7(a) proceeding"; (4) "Local Rule 7(a) is here unconstitutionally applied, and purports to be used as an amendment of pleadings protocol, absent of orderly processes"; (5) "[t]he original order that [Fields] plead a so called Rule 7(a) response gave no reasoning. Now after a response filed, [Fields] now learns the purpose of that order"; and (6) "[t]he district court ignored all of [Fields's] objections, including expressed Rule 8 motions for stay pending appellate dispositions" (Dkt.#143-1 at p. 5). The Court notes that issues one through five are virtually identical to issues already considered and subsequently deemed frivolous issues for appeal in the Court's January 8, 2018 Memorandum Adopting, February 1, 2018 Order, and/or March 9, 2018 Order. The Court adopts herein its previous discussion related to issues one through five and further states the Court cannot discern that any of these issues represent a non-frivolous issue for appeal; Fields's issues one, two, three, four, and five are not immediately appealable under § 1292(a), § 1292(b), or any judicially created exception to the finality rule.

As to Fields's sixth objection, that the Court has "ignored" his purported motions to stay under Federal Rule of Appellate Procedure 8, the Court finds that this is also a frivolous issue for appeal. "[A]s a general rule, parties must litigate all issues in the trial court before appealing any one issue." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009). A limited exception to this general rule is the collateral order doctrine. A "collateral order" may be immediately appealable if it is an order that conclusively determines an important issue that is separate from the merits in such a way as to render the district court's resolution of that issue unreviewable on appeal from a final judgment. *McKee v. Lang*, 393 F. App'x 235, 238 (5th Cir. 2010) (per curiam) (citing *Will v. Hallock*, 546 U.S. 345, 349 (2006) (defining an appealable "collateral order" as an order that conclusively determines an important issue that is separate from

the merits in such a way as to render the district court's resolution of that issue unreviewable on appeal from a final judgment)). "Immediately appealable orders include: those rejecting absolute immunity or qualified immunity; denying a state's claim to Eleventh Amendment immunity; and – in the criminal context – a defendant's adverse ruling on a double jeopardy defense. These types of orders, the Court explained, implicate weighty public interest concerns: in each one, 'some particular value of a high order' was at issue." *In re Deepwater Horizon*, 793 F.3d 479, 484–85 (5th Cir. 2015) (quoting *Will*, 546 U.S. at 352) (citation omitted). Even assuming that Fields has filed any such Rule 8 motions, the Court's action (or inaction, as Fields suggests) on such issues would not constitute a collateral order that would be immediately appealable.

Fields must wait to appeal the dismissal of the issues he seeks to raise in his notices until the final resolution of his case and/or as to the immunity defenses until after the Court has ruled on such defenses, which the Court does herein in this Memorandum. Accordingly, Fields's previously filed Motion to Proceed on Appeal *In Forma Pauperis* is denied.[6]

## CONCLUSION

Having considered Fields's objections (Dkts. #144, #146), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #140) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant Dr. David Lackey's and Respondent Office of the Attorney General's Motion to Dismiss (Dkt. #63) is **GRANTED**. Fields's remaining § 1983 malicious prosecution, conspiracy, false arrest and false imprisonment claims against Dr. Lackey and Officer Colbert in their individual capacities are hereby **DISMISSED**.

---

[6] The entry of this Memorandum Opinion constitutes a final judgment from which Fields may now pursue an appeal.

It is further **ORDERED** that "Plaintiff's Rule 60(a) Motion for Correction of Record" (Dkt. #149) and "Plaintiff's Rules 7 and 60(a) Motion for Correction of Record" (Dkt. #152) are **GRANTED**.

It is further **ORDERED** that Fields's Motion to Proceed on Appeal *In Forma Pauperis* (Dkt. #143) is **DENIED**.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 18th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE